**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2012

No. 11-10652
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REMEDIOS SANCHEZ-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:11-CR-7-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Remedios Sanchez-Ramirez appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation. He argues that the district court, when faced with a request from the Federal Public Defender (FPD) at the sentencing hearing, violated 18 U.S.C. § 3585 by failing to compute credit for the months that he spent in a Texas jail from June 2010 until February 2011 or by failing to direct the Bureau of Prisons to take note of that time.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10652

A district court is not authorized to compute sentencing credits under § 3585; credit awards are to be made by the Attorney General, through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333-36 (1992); *United States v. Dowling*, 962 F.2d 390, 393 & n.6 (5th Cir. 1992). Accordingly, the district court did not violate § 3585 in declining to address the FPD's request.

The Government has moved for dismissal or summary affirmance. In the alternative, the Government requests an extension of time to file a brief on the merits. Because the issue raised by Sanchez-Ramirez is clearly without merit under circuit precedent, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motions for dismissal and an extension of time are DENIED.